UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERMEKA PERTRICE JOHNSON-LEE, | § § § | |
| Plaintiff | § § | |
| V. | § § | CIVIL ACTION: 2:23-cv-229 |
| TEXAS A&M UNIVERSITY-CORPUS CHRISTI | § § § § | |
| Defendants. | § | JURY TRIAL REQUESTED |

## JOINT DISCOVERY REPORT ON MEETING REQUIRED BY FED.R.CIV. P. 26(F) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT:**

The Parties hereby provide the following information to this Court:

1. State when the Rule 26 conference was held, and identify the counsel who attended for each party.

**ANSWER:** Counsel for Parties participated in a series of communications starting on November 22, 2022 and continuing in which Gay E. Gilson and John E. Schulman, counsel for Plaintiff, and, David Miracchi, counsel for Defendant, conferred on the Joint Report on Meeting and the Joint Discovery/Case Management Plan.

2. List any cases related to the present action that are pending in any state or federal court, with the style, case number and a brief description of the case.

**ANSWER:** None known at this time.

2

3. <u>Briefly</u> describe the pertinent facts and legal theories upon which the present action is based.

**ANSWER:**   Jermeka Pertrice Johnson-Lee brings the following claims in this lawsuit which, to the extent that the claims are factually or legally inconsistent, are pleaded alternatively pursuant to Federal Rule of Civil Procedure 8: claims for creation of a hostile work environment, unlawful harassment, disparate treatment and discrimination based upon race and religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Ms. Johnson-Lee also brings claims for retaliation for opposing and reporting race and religious discrimination and filing a charge of discrimination with the EEOC, under Title VII of the Civil Rights Act of 1964, as amended for claims covered under Equal Employment Opportunity Commission Charge Nos. 451-2021-00670 and 451-2022-00757.

4. Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.

**ANSWER:** The Court has jurisdiction over this matter based upon the presence of a federal question.

5. List anticipated additional parties who may be included, when they can be added, and which party desires to bring them into the litigation.  In diversity cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE §33.004(d) (effective September 1, 2011) and TEX. R. CIV. P. 194.2(b).

**ANSWER:** Currently, no additional parties are anticipated.

6. List anticipated interventions.

**ANSWER:** Currently, the Parties are unaware of any anticipated interventions.

7. If this is a class action, describe any issues regarding certification of the class.

**ANSWER:** The parties do not anticipate that this case will develop into a class action.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:** The Parties have agreed to exchange disclosures as required by the rules by the date of the Initial Pretrial and Scheduling Conference.

9. Describe the proposed discovery plan the parties have agreed upon, including:

   A. Responses to all the matters raised in Rule 26(f).

   **ANSWER:** The parties will discuss discovery issues, including discovery of electronically-stored information as more information is exchanged. Until more information is exchanged, the Parties are not able to enter into any agreements regarding the discovery of electronically stored information.

   (1) The parties agree to serve initial disclosures by the date of the Initial Pretrial and Scheduling Conference.

   (2) The parties plan to conduct discovery regarding Plaintiff's claims, allegations and damages, Plaintiff's employment and termination of that employment with Defendant, Defendant's allegations and defenses. The

4

parties plan to complete all discovery within 9 months of the date that Defendant files an answer.

(3)  The parties have no issues currently regarding the disclosure or discovery of electronically stored information.

(4)  The parties agree that they do not waive the attorney-client privilege or the attorney work-product privilege by inadvertently producing privileged or work-product documents.  If necessary, the parties agree to enter into a confidentiality agreement related to sensitive information, documents and/or records.

(5)  Currently, the parties do not seek leave to alter the limitations imposed on discovery under the federal rules or local rules.

(6)  Currently, the parties do not seek orders under Rule 26(c) or under Rule 16(b) or (c) other than a scheduling order.

B.  When and to whom the Plaintiff anticipates it may send interrogatories.

**ANSWER:**  Plaintiff anticipates serving Interrogatories to Defendant within 2 months of the date that Defendant files an answer.  However, the parties agree that discovery may be propounded at any time during the discovery period.  Plaintiff may send additional sets of discovery as more discovery is exchanged.

C.  When and to whom the Defendant anticipates each may send interrogatories.

**ANSWER:**  Defendant anticipates serving Interrogatories to Plaintiff within 2 months of the date that Defendant files an answer.  However, the parties agree that

5

discovery may be propounded at any time during the discovery period. Defendant may send additional sets of discovery as more discovery is exchanged.

D. When and from whom Plaintiff anticipates taking oral depositions.

**ANSWER**: Plaintiff anticipates taking the deposition of her supervisors, Esmeralda Herrera-Teran, Dr. Richard Ricard, John LaRue, human relations representatives, and those making the decision to terminate her. Specific depositions will be determined after review of disclosures and discovery responses within the discovery period**.**

E. When and from whom the Defendant anticipates taking oral depositions.

**ANSWER**: Defendant anticipates taking the deposition of Plaintiff. The need for additional depositions will be determined after review of disclosures and discovery responses within the discovery period.

F. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate the responsive experts and provide their reports.

**ANSWER**: Plaintiff will be able to designate experts within 4 months of the date that Defendant files an answer. Defendant will be able to designate experts within 30 days after Plaintiff designates experts.

G. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.

6

**ANSWER:** It is too early to identify expert depositions, but expert depositions should be able to be completed within the discovery time frame proposed by the parties.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.

**ANSWER:** The parties will take the depositions of the other parties' experts within the discovery time frame proposed by the parties.

10. If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:** The Parties agree on the Discovery Plan.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:** None.

12. State the date the planned discovery can reasonably be completed.

**ANSWER:** Discovery may be completed within 9 months from the date that Defendant files an answer.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) Conference, including the suitability of this case for mediation or other alternate dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.

**ANSWER:** Plaintiff is open to a settlement discussion. Defendant is open to exploring the possibility of settlement down the road as the case progresses.

14. If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not both parties consent to a trial before a magistrate judge. (YES/NO)

**ANSWER:** No.

15. State whether a jury demand has been made and if so, whether it was made on time.

**ANSWER:** Yes, a jury demand was made timely.

16. Specify the combined number of hours it will take both parties to present the evidence in this case.

**ANSWER:** If a trial is necessary, the Parties are unable at present to precisely determine the hours necessary to present their case, but anticipate that it can be accomplished within 32-40 hours.

17. List pending motions that could be ruled on at the Initial Pretrial Conference.

**ANSWER:** Defendant plans to file a Motion to Dismiss on December 1, 2023.

18. List other motions pending.

**ANSWER:** There are no other motions pending for the Court's disposition.

19. Indicate other matters peculiar to this case - including discovery - that deserve the special attention of the Court at the Initial Pretrial Conference.

**ANSWER:** None known at this time.

20. Certify that all parties have filed Certificates of Interested Parties - as directed in the Order of Conference and Disclosure of Interested Parties - listing the date of filing for the originals and any amendments to the Certificates.

8

**ANSWER:** Plaintiff filed his Certificate of Interested Parties on September 12, 2023.

Defendant filed its Certificate of Interested Parties on November 17, 2023.

21. List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.

   **ANSWER:** Information on the Counsel for the Parties is as follows:

   **For Plaintiff**:   Gay E. Gilson
   Law Office of Gay E. Gilson
   5525 S. Staples, Suite B3
   Corpus Christi, Texas 78411
   Telephone: (361) 887-0552
   Facsimile: (361) 887-0554
   Email: gegilson@gilsonlaw.com
   SBN 00784131/Fed.I.D. 16385
   Attorney in Charge for Plaintiff

   John E. Schulman
   SBN 17833500
   Southern District of Texas Bar No. 6959
   jschulman@schulmanlaw.com
   Margaret K. Schulman
   SBN 17833900
   Southern District of Texas Bar No. 203068
   mschulman@schulmanlaw.com
   THE SCHULMAN LAW FIRM, P.C.
   6440 North Central Expressway, Suite 210
   Dallas, Texas 75206
   214-361-2580 tel/214-361-6580 facsimile
   Attorneys for Plaintiff

   **For Defendant**:

   KEN PAXTON
   Attorney General of Texas

   BRENT WEBSTER

9
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/    *David Miracchi*
DAVID MIRACCHI
Texas Bar No. 24122084
Southern District ID No. 3801298
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel: (512) 463-2120/ Fax: (512) 320-0667
david.miracchi@oag.texas.gov

**Counsel for Defendants**

By each of our signature below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling order.

| /s/ Gay E. Gilson | 11/29/23 |
|---|---|
| Counsel for Plaintiff | Date |

| /s/ David Miracchi | 11/29/23 |
|---|---|
| Counsel for Defendant | Date |