Case 2:23-cv-00229   Document 20   Filed on 04/11/24 in TXSD   Page 1 of 20

United States District Court
Southern District of Texas
**ENTERED**
April 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERMEKA PERTRICE JOHNSON-LEE, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:23-CV-00229 |
| TEXAS A&M UNIVERSITY - CORPUS CHRISTI, | § § § § | |
| Defendant. | § § | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Texas A&M University-Corpus Christi's (TAMUCC's) motion to dismiss. D.E. 16. Plaintiff Jermeka Johnson-Lee has responded (D.E. 17), and TAMUCC has replied (D.E. 18). For the reasons set out below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

Jermeka Johnson-Lee began her employment with TAMUCC in August 2015 as the "Assistant to the Director of SSS Teacher Prep." D.E. 15, p. 3. A year later, she started working at TAMUCC's Antonio E. Garcia Arts and Education Center (the Center). *Id.* Johnson-Lee claims she had a good work history there for years and was the interim director for the Center twice. *Id.*

However, Johnson-Lee's work environment changed in December 2020, when Esmeralda Herrera-Teran began her tenure as the director of the Center. *Id.* Johnson-Lee

1 / 20

alleges that, over the course of the next year, Herrera-Teran repeatedly discriminated against Johnson-Lee in the workplace because of Johnson-Lee's race. *Id.* at pp. 3–21. Johnson-Lee is Black and Herrera-Teran is Hispanic. *Id.* at p. 3. Johnson-Lee alleges that Herrera-Teran frequently screamed at her, said she did not want Johnson-Lee to be the face of the Center, and threatened to move her to a back storage room. *Id.* at pp. 3–7. Johnson-Lee also claims that Herrera-Teran assigned Johnson-Lee various "domestic chores" as work assignments, which were not a part of her job duties. *Id.* at pp. 8, 9–10, 12, 15. These assignments included cleaning the facility and the restrooms as well as purchasing gifts for Herrera-Teran's daughter. *Id.* Additionally, Johnson-Lee claims that Herrera-Teran frequently belittled her, reprimanded her, and denied her various privileges of employment like time off and the ability to work remotely. *Id.* at pp. 3–19.

Johnson-Lee complained of this conduct to her employer several times, but it persisted. *Id.* at pp. 5, 7, 8, 10, 14, 15, 18–19. So, on December 7, 2021, Johnson-Lee filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission (TWC). *Id.* at pp. 19–20. Then, the day after Johnson-Lee informed her employer about this charge, she was terminated. *Id.* at p. 20. Johnson-Lee appealed her termination but received no response from TAMUCC. *Id.*

After receiving notice of her right to sue, Johnson-Lee filed suit against TAMUCC in this Court. *Id.* at pp. 20–21. Johnson-Lee sued TAMUCC under Title VII, alleging that she was discriminated against because of her race, terminated in retaliation for reporting discrimination, and subjected to a hostile work environment. *Id.* at p. 21. Now, TAMUCC

moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure and seeks to dismiss all claims other than a retaliation claim based on Johnson-Lee's termination. D.E. 16; D.E. 18, p. 1.

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*. at 557. The Court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*. at 681.

We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Giancarlo v. UBS Fin. Servs., Inc.*, 725 Fed. App'x 278, 282 (5th Cir. 2018) (citing *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). In reviewing the factual allegations, the court may also consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## DISCUSSION

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of race with respect to their compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2 (a)(1). This includes a prohibition against creating a hostile work environment that is "so pervaded by discrimination that the terms and conditions of employment [are] altered." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013) (citing *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21

(1993)). Title VII also prohibits employers from retaliating against employees for opposing unlawful employment practices. 42 U.S.C. § 2000e–3(a); *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173 (2011).

## I.  Timeliness

As a preliminary matter, TAMUCC contends that some of Johnson-Lee's claims are untimely. D.E. 16, pp. 4–5; D.E. 18, pp. 2–3, 6–7. TAMUCC avers that Johnson-Lee cannot recover for any of the alleged discrete acts of discrimination and retaliation that occurred before February 10, 2021, because they occurred more than three-hundred days before Johnson-Lee filed her charge with the EEOC. D.E. 16, pp. 4–5; D.E. 18, pp. 2–3. Similarly, TAMUCC further argues that equitable concerns should bar these allegations from comprising Johnson-Lee's hostile work environment claim. D.E. 18, pp. 6–7. Johnson-Lee responds only that a charge alleging a hostile work environment is not time-barred if all the acts constituting the claim are part of the same unlawful practice and at least one act falls within the filing period. D.E. 17, p. 14.

The continuing violation doctrine that Johnson-Lee cites only applies to her hostile work environment claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). Title VII precludes recovery for discrete acts of discrimination or retaliation that occur outside the time period set out in the statute. *Id.* at 109. Accordingly, Johnson-Lee cannot recover for discrete discriminatory and retaliatory acts that occurred more than three-hundred days before she filed her charge with the TWC. *Griffin v. City of Dall.*, 26 F.3d 610, 612 (5th Cir. 1994); *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019)

(quoting 42 U.S.C. § 2000e–5(b), (e)(1)). Johnson-Lee filed her charge on December 7, 2021. D.E. 15, p. 19. Thus, TAMUCC is correct that Johnson-Lee cannot recover for any of the alleged acts that occurred before February 10, 2021, in her discrimination and retaliation claims. *Morgan*, 536 U.S. at 122; D.E. 16, p. 5. Any such claims based on these acts are **DISMISSED.**

However, a hostile work environment claim cannot be said to occur on any particular day; it occurs over a series of days and perhaps years. *Morgan*, 536 U.S. at 115, 117. Because of the ongoing nature of a hostile work environment claim, a charge alleging such a claim will not be time-barred "so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.* at 122.

As TAMUCC cites, this continuing violation doctrine is limited by equitable considerations. D.E. 18, pp. 6–8; *Morgan*, 536 U.S. at 121–22. Before *Morgan*, the Fifth Circuit considered whether the alleged acts that occurred outside the limitations period have a degree of permanence that should trigger an employee's awareness of and duty to assert her rights. *Berry v. Bd. of Supervisors of La. State Univ.*, 715 F.2d 971, 981–82 (5th Cir. 1983). TAMUCC asks the Court to apply this approach, arguing that because Johnson-Lee complained to her employer that she was being discriminated against before filing her charge, she was on notice that her rights were being violated and thus should not have waited to bring her claims. D.E. 18, pp. 6–8.

The Court disagrees. First, it is not clear that this permanence inquiry survived *Morgan*, as the Supreme Court rejected a similar approach there. 536 U.S. at 117 n.11. Second, even applying this approach, the Court does not find that the alleged events that occurred before the limitations period began are the type of permanent acts that would trigger an individual's duty to assert her rights; these allegations are only a few acts forming part of Johnson-Lee's alleged harassment. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 476 (5th Cir. 1989) (discussing this permanence factor and stating that acts of harassment generally do not have the same degree of permanence as discrete acts of discrimination); D.E. 18, pp. 2–3 (listing the allegations TAMUCC contends are untimely). Third, TAMUCC does not claim that it would be prejudiced by the inclusion of these few events that occurred within two months of the limitations period. *Morgan*, 536 U.S. at 121–22.

Johnson-Lee has alleged facts to show that the allegations before and during the limitations period form a continuing practice. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328–29 (5th Cir. 2009); *Morgan*, 536 U.S. at 122. Johnson-Lee has alleged facts to show that the acts before and during the limitations period are related; Johnson-Lee alleges similar acts of harassment perpetrated by the same manager. *Stewart*, 586 F.3d at 329 (citing *Morgan*, 536 U.S. at 122); D.E. 15, pp. 3–19; D.E. 17, p. 14. Furthermore, Johnson-Lee's employer did not take any intervening action that would have severed the continuing nature of the violation. *See Stewart*, 586 F.3d at 329 (stating that "intervening action by the employer, among other things, will sever the acts that preceded it from those subsequent to it").

Therefore, Johnson-Lee has alleged facts to show that the conduct that occurred within and before the limitations period constitute a continuing violation and comprise the same claim. *Id.* Accordingly, the Court finds it may consider the allegations that occurred before February 10, 2021, as part of Johnson-Lee's hostile work environment claim at this stage. *Morgan*, 536 U.S. at 121.

## II.     Johnson-Lee has stated a discrimination claim under Title VII.

In her first claim, Johnson-Lee alleges that TAMUCC discriminated against her with regards to the terms, conditions, and privileges of her employment. D.E. 15, pp. 1–2. To plead a discrimination claim under Title VII, a plaintiff must allege facts plausibly showing: "(1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir. 2023) (quoting *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023)). TAMUCC asserts that Johnson-Lee fails to satisfy the first element because she fails to allege an action that is adverse and a harm that is more than *de minimis*. D.E. 16, pp. 5–7.

As both parties acknowledge, this element has been the subject of great change recently in the Fifth Circuit. D.E. 17, pp. 3–4; D.E. 18, p. 3. Until a few months ago, only "ultimate employment decisions" could constitute an adverse employment action giving rise to liability in the Fifth Circuit. *Hamilton*, 79 F.4th at 502–03. However, the Fifth Circuit has now held that Title VII does not require an ultimate employment decision. *Id.* Instead, a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the "terms, conditions, or privileges" of his or her employment. *Id.*

8 / 20

The language "terms, conditions, or privileges of employment" is broad; it "is not limited to 'economic' or 'tangible' discrimination," and "it covers more than 'terms' and 'conditions' in the narrow contractual sense." *Id.*

But a Title VII plaintiff must allege a more than *de minimis* harm borne of the adverse actions alleged, as the Fifth Circuit has stated that Title VII does not permit liability for "de minimis workplace trifles." *Harrison*, 82 F.4th at 431 (citing *Hamilton*, 79 F.4th at 505). However, there is some uncertainty regarding the precise level of minimum workplace harm a plaintiff must allege, and a similar issue is currently before the Supreme Court in *Muldrow v. City of St. Louis*. D.E. 17, p. 3; *Hamilton*, 79 F.4th at 505 n.66.

The Court finds that Johnson-Lee has alleged an adverse action to support her discrimination claim. Among other alleged adverse actions, Johnson-Lee alleges that she was given work assignments that were not a part of her job duties because of her race; specifically, Johnson-Lee claims that, because she is Black, she was repeatedly assigned "domestic chores" like cleaning the facility and restrooms. D.E. 15, pp. 8, 9–10, 12, 15. TAMUCC contends that these are merely improper work requests, which the Fifth Circuit has held is not enough. D.E. 16, pp. 6–7. But *Hamilton* appears to have abrogated the precedent cited by TAMUCC. *See id.* (citing *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818 (5th Cir. 2019), *abrogated by Hamilton*, 79 F.4th at 494). One of the judges in *Hamilton*, citing the Department of Justice, suggested that job assignments happening on the basis of race are actionable under Title VII. *Id.* at 509 (Ho, J., concurring). Additionally, the Supreme Court has held that job reassignments can be materially adverse

actions in a Title VII retaliation claim. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 70–71 (2006).

Furthermore, the corresponding harm that Johnson-Lee alleges is more than *de minimis*. While Johnson-Lee does not allege that her termination was discriminatory, she does allege that she had to perform undesirable work assignments, and suffered emotional harm including humiliation, anxiety, and panic attacks. D.E. 15, pp. 4–10, 12, 15, 19, 22. Title VII is not limited only to economic harm. *Hamilton*, 79 F.4th at 504; *Threat v. City of Cleveland*, 6 F.4th 672, 680 (6th Cir. 2021). The Fifth Circuit has held that working undesirable shifts is a harm that is "far more than 'de minimis.'" *Hamilton*, 79 F.4th at 505. Similarly, it seems that having to perform undesirable work assignments that are outside an employee's job duties should be enough as well. *See White*, 548 U.S. at 70–71 (stating that a jury could find a job reassignment to a more arduous and "dirtier" assignment to be a materially adverse action).

Therefore, the Court finds that Johnson-Lee has alleged facts to show an adverse employment action, taken because of her race, and a more than *de minimis* harm. *Harrison*, 82 F.4th at 430–31. Accordingly, Johnson-Lee has stated a discrimination claim under Title VII. *Id.*

The parties further dispute whether any other allegations by Johnson-Lee constitute adverse employment actions. D.E. 16, pp. 6–7; D.E. 17, pp. 4–7. However, because the Court finds that Johnson-Lee has stated a plausible discrimination claim based on the change in her work assignments, the Court need not, and does not, address these issues

further. *See Garrison v. Tex. S. Univ.*, No. CIV.A. H-11-2368, 2011 WL 4457374, at *6 (S.D. Tex. Sept. 21, 2011) ("Because the Court denied Defendant's Motion to Dismiss the loss of compensation claim on exhaustion grounds, it need not consider whether Plaintiff pleads other adverse actions giving rise to a claim for discrimination. In order to state a claim, she needs only one."); *Twombly*, 550 U.S. at 557. Accordingly, the Court reserves these issues for summary judgment or trial, at which point, the Supreme Court will likely have decided *Muldrow* and provided further guidance for courts. *See Fleming v. Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P.*, No. SA-21-CV-01234, 2024 WL 1055120, at *11 n.8 (W.D. Tex. Mar. 11, 2024) ("Given that *Hamilton* was decided so recently, however, there are relatively few cases from the Fifth Circuit applying or explaining the new standard, and lower courts and litigants alike remain anxious for further guidance."); *Hamilton*, 79 F.4th at 505 n.66 (stating that "[f]urther counseling against our wading into this issue is that the Supreme Court appears poised to address it" in *Muldrow*).

### III.  Johnson-Lee has stated a retaliation claim.

Next, Johnson-Lee alleges that TAMUCC retaliated against her for reporting her allegations of discrimination. D. E. 15, pp. 1–2, 21. To state a retaliation claim under Title VII, a plaintiff must plead facts to show: (1) she engaged in a protected activity, (2) a materially adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action. *Cuellar v. Sw. Gen. Emergency Physicians, P.L.L.C.*, 656 F. App'x 707, 709 (5th Cir. 2016) (quoting *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004)); *Gardner v. CLC of Pascagoula,*

*L.L.C.*, 915 F.3d 320, 327–28 (5th Cir. 2019).  Here, TAMUCC argues only that Johnson-Lee fails to allege a materially adverse action besides her termination.[1]  D.E. 18, pp. 5–6.

A materially adverse action is any action that might deter a reasonable person from engaging in protected activity.  *White*, 548 U.S. at 68.  To determine whether an action is materially adverse, the Fifth Circuit has instructed courts to look to indicia such as whether the action affected job title, grade, hours, salary, or benefits or caused a diminution in prestige or change in standing among coworkers.  *Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 346 (5th Cir. 2016) (quoting *Stewart*, 586 F.3d at 332).

Here, Johnson-Lee has alleged multiple materially adverse actions. First, Johnson-Lee alleges that her termination was retaliatory and that TAMUCC failed to properly investigate the appeal of her termination as required.  D.E. 15, p. 20.  As TAMUCC concedes, termination is a materially adverse employment action.  D.E. 18, p. 6; *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 710 (5th Cir. 2016) (citing *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013)).

Second, Johnson-Lee alleges that the change in her work assignments was retaliatory.  D.E. 15, pp. 8, 9–10, 12, 15; D.E. 17, pp. 5–7, 13. A change in job assignments can be a materially adverse action constituting retaliation.  *White*, 548 U.S. at 70–71. It is true, as TAMUCC cites, that reassignments are not automatically actionable; courts must

---

[1] In its motion to dismiss, TAMUCC originally argued that Johnson-Lee could not rely on her termination here if she alleged it to be both discriminatory and retaliatory, contending that she failed to exhaust any claim based on it.  D.E. 16, p. 11. In her response, Johnson-Lee clarified that her termination was only retaliatory, not discriminatory, and cited her TWC charge claiming that her termination was retaliatory.  D.E. 17, pp. 13–14 (citing D.E. 16-2); D.E. 15, p. 20 (citing this charge relating to her retaliatory termination). TAMUCC since acknowledges that Johnson-Lee has pled a viable retaliation claim based on her termination. D.E. 18, pp. 5–6.

judge the reassignment from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances. *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)); D.E. 16, p. 10. But here, Johnson-Lee alleges that she was reassigned to clean the facility, including the toilets, when that was not within her typical job duties. D.E. 15, pp. 9–10. The Court finds that a reasonable person would find such a reassignment to be materially adverse based on Johnson-Lee's allegations. *See White*, 548 U.S. at 71 (stating that a jury could find a reassignment to a more arduous and "dirtier" assignment to be a materially adverse action).

Third, Johnson-Lee alleges that she received poor performance evaluations, write-ups, and reprimands. D.E. 15, pp. 10–11, 16, 18; D.E. 17, pp. 4–7. TAMUCC argues that these are not enough when colorable grounds exist for disciplinary action, and these actions did not impact her title, hours, salary, benefits, or prestige. D.E. 16, p. 10 (citing *Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 286 (5th Cir. 2015); *Brooks v. Hous. Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 586 (S.D. Tex. 2015)). However, Johnson-Lee alleges that no such grounds existed. D.E. 15, pp. 11, 16, 18 (stating that the write-ups were false). Additionally, Johnson-Lee alleges facts to show that she suffered a tangible effect on the conditions of her employment as she was terminated. *See Brooks*, 86 F. Supp. 3d at 586 ("Disciplinary write-ups that are the basis for more serious consequences may be adverse employment actions.") (quoting *Hernandez v. Sikorsky Support Servs., Inc.*, 495 F. App'x 435, 438 (5th Cir.2012)); *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir. 1995) (finding that a plaintiff made out a prima facie case of retaliation based on placement on a

performance improvement plan followed by a subsequent termination of employment); D.E. 15, p. 20.

Therefore, the Court finds that Johnson-Lee has plausibly pled that she suffered materially adverse actions as a result of her protected activity. *See Cuellar*, 656 F. App'x at 709 (quoting *Roberson*, 373 F.3d at 655). Accordingly, the Court finds that Johnson-Lee has stated a retaliation claim under Title VII. *Id.*

### IV.   Johnson-Lee has stated a hostile work environment claim.

Next, Johnson-Lee alleges that TAMUCC created a hostile working environment. D.E. 15, p. 1. To prevail on a hostile work environment claim when the alleged harasser is a supervisor, an employee must show: (1) she belongs to a protected class; (2) she was subjected to harassment; (3) the harassment was based on race; and (4) the harassment affected a term, condition, or privilege of employment. *Caldwell v. Lozano*, 689 F. App'x 315, 322 (5th Cir. 2017) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). TAMUCC claims that Johnson-Lee failed to plead the third and fourth elements here. D.E. 16, pp. 12–13; D.E. 18, p. 6.

Regarding the third element, TAMUCC argues that Johnson-Lee fails to allege any facts to show that the alleged harassment was based on Johnson-Lee's race. D.E. 16, p. 12. The Court disagrees. At this stage, Johnson-Lee need only "plead some connection between the alleged harassment and her race." *Jones v. Rooms To Go*, No. 4:19-CV-03564, 2020 WL 3640003, at *5 (S.D. Tex. July 6, 2020) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). Johnson-Lee has done so. Johnson-Lee alleges that Herrera-

Teran treated other employees who were not Black differently and supports these allegations with specific incidents. D.E. 15, pp. 3–5, 6, 7, 13–14, 17–18. Johnson-Lee further alleges that Herrera-Teran gave her work assignments consisting of domestic chores because Johnson-Lee is Black. *Id.* at pp. 7, 8, 9–10, 12, 15. And as TAMUCC points out, Johnson-Lee alleges that Herrera-Teran used a racial slur. *Id.* at p. 12. These facts are sufficient to plausibly allege that Johnson-Lee's harassment was because of her race. *See Jones*, 2020 WL 3640003, at *5 (citing *Raj*, 714 F.3d at 331).

Next, regarding the fourth element, TAMUCC also argues that the alleged harassment did not alter the conditions of her employment because the conduct alleged is not objectively offensive. D.E. 16, pp. 12–13; D.E. 18, pp. 6, 8–10. For harassment to affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008). A plaintiff "must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable." *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003). To determine whether an employee's work environment was objectively offensive, courts consider the totality of the circumstances, including: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance. *Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1066–67 (5th Cir. 2023).

Citing *Price*, TAMUCC contends that Johnson-Lee merely alleges facially neutral acts, which cannot be considered as part of the totality of the circumstances. D.E. 16, p. 12; D.E. 18, pp. 6, 8–10. TAMUCC argues that the Court can only consider the one instance where Herrera-Teran mentioned race. D.E. 18, pp. 9–10. However, TAMUCC's arguments here concern a plaintiff's burden of evidentiary production at the summary judgment stage, which was the setting for the case TAMUCC cites. *See Price*, 88 F.4th at 1067 ("Price presented no evidence beyond his own speculation . . . that these 'facially neutral actions' were racially motivated."). While TAMUCC classifies Johnson-Lee's allegations as facially neutral, Johnson-Lee alleges that that the harassment was because of her race and alleges facts to support such an inference, which is sufficient at the pleading stage. *Jones*, 2020 WL 3640003, at *5 (citing *Raj*, 714 F.3d at 331); D.E. 15, pp. 3–5, 6, 7, 8, 9–10, 12, 14, 15, 17.

Considering the totality of the circumstances, the Court finds that Johnson-Lee has alleged facts to show that her work environment was objectively offensive. Johnson-Lee alleges discriminatory conduct that is frequent and severe, not merely isolated instances or single offensive utterances. *See West v. City of Hous.*, 960 F.3d 736, 742 (5th Cir. 2020) (collecting cases discussing the frequency of harassment); *Lauderdale v. Tex. Dep't of Crim. Just., Inst. Div.*, 512 F.3d 157, 163 (5th Cir. 2007) (explaining the inverse relationship between the frequency and severity elements). Among the discriminatory harassment that Johnson-Lee alleges occurred regularly over the course of a year, Johnson-Lee alleges that Herrera-Teran frequently screamed at her and threatened to put her in the

back storage room, and Herrera-Teran did not treat employees of a different race in such a manner.  D.E. 15, p. 6; *Jones*, 2020 WL 3640003, at *5 (finding that a plaintiff stated a claim when the harassment was alleged to be continuous in nature).  Johnson-Lee alleges that Herrera-Teran used a racial epithet in her presence, repeatedly assigned her "domestic chores" like cleaning the facility because she is Black, reprimanded her both verbally and in writing several times, and denied her privileges of employment like time off and the ability to work remotely.  D.E. 15, pp. 3–20; D.E. 17, pp. 4–7.  *See Woods v. Cantrell*, 29 F.4th 284, 285 (5th Cir. 2022) (discussing the severity of a single utterance of the "n-word" by a supervisor in the presence of his subordinates and collecting cases).

Next, while none of the harassment is alleged to have been physically threatening, Johnson-Lee claims that she was humiliated by the harassment, which the Court finds reasonable based on the allegations here.  D.E. 15, pp. 9, 12, 22; *Harris*, 510 U.S. at 22 (stating that Title VII bars conduct that would seriously affect a reasonable person's psychological well-being).  Finally, Johnson-Lee alleges that the harassment made it difficult for her to perform her work and that she suffered from anxiety and panic attacks because of it.  D.E. 15, pp. 3, 18–19; *Harris*, 510 U.S. at 22.

Therefore, Johnson-Lee has alleged facts to plausibly show that the harassment was subjectively and objectively pervasive enough to affect the terms and conditions of her employment.  *See Frank*, 347 F.3d at 138.  Accordingly, Johnson-Lee has stated a hostile-work-environment claim under Title VII.  *See id.*; *Twombly*, 550 U.S. at 557.

## V.     More Definite Statement

Alternatively, TAMUCC moves for a more definite statement under Rule 12(e), claiming that it is unable to discern which facts comprise Johnson-Lee's discrimination claims as opposed to her retaliation claim. D.E. 16, p. 13. If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant may move for a more definite statement before responding. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

However, courts generally disfavor these motions. *Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 707 (S.D. Tex. 2011) (quoting *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001)). Where "a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Hoffman v. Cemex, Inc.*, No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (citing *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006)).

Here, Johnson-Lee's complaint is not so vague and ambiguous to prevent TAMUCC from answering. *See Melvin v. Barr Roofing Co.*, 806 F. App'x 301, 308 (5th Cir. 2020). Johnson-Lee identifies the causes of action she asserts and alleges the factual basis for them. D.E. 15, pp. 3–22. Thus, the Court denies TAMUCC's motion for a more definite statement.

## VI. Leave to Amend

Finally, Johnson-Lee requested that, "should the Court determine that Plaintiff's Original Complaint is deficient in some necessary allegation or is unclear with respect to Plaintiff's assertions, leave to amend . . . is hereby requested." D.E. 17, pp. 15–16.

Federal Rule of Civil Procedure 15(a) provides that a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590–91 (5th Cir. 2016). If a movant fails to do so, a district court may deny leave to amend. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Johnson-Lee fails to provide this notice. *See* D.E. 17, pp. 15–16. It is not enough to merely request the opportunity to amend a complaint as an alternative in response to a motion to dismiss; the movant must at least offer grounds as to why leave to amend is warranted or how the deficiencies in the complaint could be corrected. *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021). Therefore, the Court denies without prejudice Johnson-Lee's request for leave to amend.

## CONCLUSION

For the reasons stated, the Court **GRANTS IN PART** TAMUCC's motion (D.E. 15) and **DISMISSES** any claims based on discrete acts of discrimination and retaliation

that occurred before February 10, 2021. The Court **DENIES IN PART** TAMUCC's motion in all other respects and finds that Johnson-Lee has alleged facts to plausibly state her claims. Additionally, the Court **DENIES** TAMUCC's motion for a more definite statement. Finally, the Court **DENIES** without prejudice Johnson-Lee's motion for leave to amend her complaint.

**ORDERED** on April 11, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE